IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALBERTO GOMEZ,

    Plaintiff,

v.                                                                      No. 2:23-cv-268 MIS/KRS

WAL-MART STORES EAST, L.P., and
WALMART SUPERCENTER STORE NO. 868,

    Defendants.

## ORDER GRANTING IN PART MOTION TO COMPEL (Doc. 23)

THIS MATTER is before the Court on the Motion to Compel filed by Defendant Wal-Mart Stores East, L.P. ("Defendant") on January 16, 2024. (Doc. 23). Plaintiff filed a response to the Motion to Compel on January 30, 2024, and Defendant filed a reply on February 16, 2024. (Docs. 28, 31). Having considered the parties' briefing, the record of the case, and relevant law, the Court grants the Motion to Compel in part as set forth below.

Plaintiff brings claims against Defendants to recover damages for personal injuries he sustained as a result of slipping and falling in a Walmart store in Carlsbad, New Mexico on June 30, 2022. (Doc. 1-1) at 3. Defendant moves to compel Plaintiff to provide full and complete responses to Interrogatory Nos. 2, 10, 12, and 17, and Request for Production (RFP) Nos. 1, 2, 8, 10, 11, 15, and 19, and further seeks attorney's fees and costs incurred in bringing the Motion to Compel. (Doc. 23). In response, Plaintiff states that on January 18, 2024, Plaintiff supplemented his answers to all of the discovery requests that were the subject of Defendant's Motion, except for RFP Nos. 1 and 2. (Doc. 28) at 1. Plaintiff contends that his responses to RFP Nos. 1 and 2 were sufficient and the Motion to Compel should be denied as to those

requests. *Id.* at 2-7. In reply, Defendant agrees that Plaintiff's supplementation remedied all of the disputed requests except for Plaintiff's responses to RFP Nos. 1 and 2. (Doc. 31).

### A. RFP No. 1

The Court considers the two remaining discovery disputes—RFP Nos. 1 and 2. RFP No. 1 states:

> Please produce along with a photo copy of your identification, a fully executed and dated copy of the attached releases including: Authority to Release Employment Information and Documents; Authority to Release Vocational Rehabilitation Information and Documents; Authority to Release Social Security Records; Authority to Release Educational Information and Documents; and Motor Vehicles Division Confidential Records Release.

(Doc. 23-1) at 6; 12-15. Plaintiff objected that the request is overly broad, seeks irrelevant information, and does not describe with reasonable particularity the documents sought to be obtained with the releases. (Doc. 23-2) at 8. Plaintiff states that "[i]f Defendant is required to furnish a release in order to obtain a particular document or set of documents concerning employment, vocational rehabilitation, social security information, or education information, Plaintiff will sign releases limited to the information requested on an as-needed basis," but Plaintiff objects that his MVD records are irrelevant to this lawsuit. *Id.*

In its Motion to Compel, Defendant argues that RFP No. 1 seeks relevant information because Plaintiff placed his medical, rehabilitative, and earnings history at issue by bringing claims for personal injuries and lost wages. (Doc. 23) at 5-6. Plaintiff responds that the releases fail to describe with reasonable particularity each item or category of items to be produced and would provide Defendant "with carte blanche authority to access records from sources other than Plaintiff without specifying what exactly it is that they are looking for." (Doc. 28) at 3. Regarding Plaintiff's claims for lost wages, Plaintiff stated in an answer to an interrogatory that

2

he was unemployed from 2018 to 2022, and since 2022 he has been self-employed as a game processor.  *Id.* at 5.  He states that his lost wages claim "is specifically tied to certain orders he had to turn down while he was recovering from his injuries," and he "has provided a calculation for the amount he believes he would have realized from those orders as well as detailed ledgers documenting the usual income made from his processing business."  *Id.*  Plaintiff further notes that in response to interrogatories he has stated he has no plans to undergo any type of vocational rehabilitation, he has not received any disability benefits, and he is not making a claim for future loss of earning capacity.  *Id.* at 5-6.  Additionally, his educational information is irrelevant as he has been in the workforce since 2002, and his motor vehicle records have no bearing on this case since the incident had nothing to do with operating a motor vehicle.  *Id.* at 6.

In reply, Defendant withdraws its request for vocational rehabilitation records based on Plaintiff's representation he has not sought and does not intend to seek vocational rehabilitative treatment.  (Doc. 31) at 3.  However, Defendant maintains it is entitled to releases for Plaintiff's social security, employment, and educational records because Plaintiff is seeking damages for economic losses stemming from personal injuries.  *Id.*  Defendant argues that, while Plaintiff states he is making a specific lost wage claim, his prior social security, employment, and education records are relevant for Defendant to fully evaluate the amount and reasonableness of his economic losses.  Defendant states that Plaintiff's social security records "might include information regarding social security income received prior to, at the time of, or after the incident," and that his education, training, and prior work experience is necessary to analyze his employment history and experience.  *Id.*

Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery and provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any

party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Relevant evidence is that which "has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401. However, "[i]nformation within [the] scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1); *see Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 649 (10th Cir. 2008) ("Under our rules, parties to civil litigation are given broad discovery privileges."). Nonetheless, the Court is not required to permit the parties to engage in fishing expeditions in the hope of supporting their claims or defenses. *See Landry v. Swire Oilfield Servs., L.L.C.*, 323 F.R.D. 360, 375 (D.N.M. 2018).

Key considerations in determining the scope of permissible discovery include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Ultimately, "[c]ounsel bears the responsibility of propounding proper discovery requests, and expecting counsel to fulfill this responsibility is neither capricious nor unfair." *Punt v. Kelly Services*, 862 F.3d 1040, 1047 (10th Cir. 2017).

Here, the releases for Plaintiff's employment, social security, education, and motor vehicle division records are not limited to any time period and are not tailored to information related to a party's claim or defense. Defendant fails to explain how Plaintiff's motor vehicle division records are related in any way to the claims or defenses in this case as the incident did not involve a motor vehicle. Regarding Defendant's contention that Plaintiff's employment, social security, and education records are necessary to evaluate the amount and reasonableness of his economic losses and his employment history, the releases are not limited to Plaintiff's

4

income or employment history.  Instead, Defendant seeks all "information" and "reports" concerning Plaintiff's "social security records," "academic and extracurricular activities," and "employment record and tests."  (Doc. 23-1) at 6, 12-14.  Consequently, the Courts finds that RFP No. 1 seeks irrelevant information and is overly broad.  The Court denies the Motion to Compel as to this request.

    B. **RFP No. 2**

Next, Defendant moves to compel Plaintiff to respond to RFP No. 2, which asks Plaintiff to produce his Federal and State income tax returns and W-2 forms for the years 2017 through the present.  (Doc. 23-1) at 6.  Plaintiff objected that the purpose of the request is to harass and annoy, the request is an invasion of Plaintiff's right to privacy, and Plaintiff's tax records are privileged under Federal Rule of Evidence 501 and NMSA § 7-1-4.2(H).  (Doc. 23-2) at 9.  In its Motion to Compel, Defendant argues that the requested materials are relevant because Plaintiff placed his income at issue by alleging lost wages and his tax returns and W-2 forms will provide information regarding his income and any changes to his earnings since the date of the incident.  (Doc. 23) at 6-7.  Defendant states it is willing to enter into a Confidentiality Agreement with Plaintiff to allay any privacy concerns.

Plaintiff responds that he is making a "very specific lost wage claim" as explained above, he was not employed from October 2018 to April 2022, and his earnings in 2017 and 2018 are irrelevant because he is not claiming lost wages from the amounts earned in those years. (Doc. 28) at 6-7.  Plaintiff states that he started his game processing business in April 2022, only months before the incident, and "the source of Plaintiff's lost wage claim centers around two large cattle processing orders that Plaintiff was unable to undertake due to his injuries," so "[n]othing in Plaintiff's tax returns for tax year 2022 would show the effect on Plaintiff's

business of these two last orders." *Id.* at 7.  Moreover, because Plaintiff has been self-employed since 2018, he states there are no documents responsive to Defendant's request for W-2s for tax years 2019-2023.  Plaintiff further states he has not yet filed his taxes for tax year 2023.  *Id.*

In reply, Defendant maintains that Plaintiff's tax records are necessary to evaluate and defend against Plaintiff's alleged economic damages.  (Doc. 31) at 5.  Defendant states that Plaintiff estimates a substantial amount in lost wages, which increased five-fold from his initial interrogatory answers in November 2023 to his supplemental answers in January 2024.  Without Plaintiff's tax returns, Defendant states it "has no reliable means of ascertaining Plaintiff's precise earnings before, at the time of, or after the incident alleged in this case."  *Id.*  Additionally, despite Plaintiff's assertion that he was not employed from October 2018 through April 2022, he does not state that he had no income during this time period or that no responsive documents exist.  *Id.*

The Tenth Circuit has held that tax returns are not generally discoverable except for "when the plaintiff's income is directly in issue."  *Sanderson v. Winner,* 507 F.2d 477, 480 (10th Cir. 1974).  Accordingly, courts in this district have ordered production of tax returns in the possession of the taxpayer when the party's income is at issue.  *See Madrid v. Don Kelly Const., Inc.*, 2013 WL 1897826, at *10-11 (D.N.M.) ("Madrid has put his income at issue here, by asserting claims for past and future lost wages and benefits, lost income, and loss of earning capacity from the alleged discrimination; thus, his personal income tax returns are discoverable.") (citing *St. Regis Paper Co. v. United States,* 368 U.S. 208, 218-19) (1961) ("Although tax returns ... are made confidential within the government bureau, copies in the hands of the taxpayer are held subject to discovery")); *Trujillo v. Bd. of Educ. of the Alb. Pub.*

*Sch.*, 2007 WL 1306560, at *1 (D.N.M.) (compelling production of plaintiff's tax returns where plaintiff alleged wrongful termination and sought damages for lost pay and benefits).

Here, Plaintiff seeks damages for lost income from being unable to undertake two large cattle processing orders due to his injuries. (Doc. 28) at 7. While Plaintiff argues that his tax returns and W-2 forms will not confirm this lost income, Defendant is entitled to discover information to help it evaluate this claim, and Plaintiff's tax returns and W-2 forms will provide Plaintiff's earnings before, at the time of, and after the incident. Therefore, Plaintiff's income is relevant and his tax returns and W-2 forms are discoverable. Moreover, the Court finds that the requested time period (2017 to the present) is reasonable and proportional to the needs of this case. If Plaintiff does not have information that is responsive to this request, he must so state under oath and provide responsive information if it becomes available. Plaintiff's concerns with confidentiality can be addressed by entering into a confidentiality agreement as proposed by Defendant. Accordingly, the Court grants Defendant's Motion to Compel as to RFP No. 2.

Because the Court grants Defendant's Motion to Compel in part, the Court does not award Defendant its requested attorney's fees and costs.

IT IS THEREFORE ORDERED that Defendant's Motion to Compel, (Doc. 23), is GRANTED in part. Plaintiff shall fully respond to RFP No. 2 no later than **March 18, 2024**.

IT IS SO ORDERED.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE